UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Robert T. Gilchrist, Jr.** *(aka Robert Taylor Gilchrist, Jr.)*, | ) C/A No. 3:06-17-PMD-JRM )  ) |
| Plaintiff; | ) ) |
| vs. | ) Report and Recommendation ) |
| Sheriff Dan Wyman;<br>Major Philip Anderson;<br>Capt. Sharon Middleton;<br>Nurse Rudeon Hutson; and<br>Nurse Nancy Cox, | ) ) ) ) ) ) |
| Defendants. | ) |

_____

This is a civil action filed *pro se* by a person being detained at a local detention facility.[1] According to Plaintiff's allegations, he has been incarcerated at the Greenwood County Detention Center since May 16, 2005. He claims that detention center personnel were made aware of his high blood pressure and back problems when he was arrested, but that it took nearly a month before Plaintiff's high blood pressure medication was obtained for him by the detention center. According to Plaintiff, he has been seen by at least two nurses and two different doctors for his blood pressure problems, but he claims that the nurses are not giving him the proper dosage of his medication, nor are they "trying" to bring his blood pressure down. Plaintiff also states that he has "a bad tooth" that he has been unsuccessfully trying to get taken out while he has been in the detention center, and that some tests allegedly ordered by the two doctors have not been performed. Finally,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff complains that detention center employees are permitted to smoke tobacco inside the facility although detainees are not. Although he mentions "second hand smoke," Plaintiff does not allege that he has suffered any type of injury from the indoor smoking.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction. *See* 28 U.S.C. § 1332. The "medical negligence" claims that Plaintiff attempts to state against Defendants are state law negligence claims, not federal causes of action. *See, e.g.*, Murphy v. Richland Mem. Hosp., 317 S.C. 560, 455 S.E.2d 688 (1995) (medical malpractice); Vines v. Self Mem. Hosp., 314 S.C. 305, 443 S.E.2d 909 (1994) (same). Federal actions for damages against state actors pursuant to 28 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See* DeShaney v. Winnebage County Dep't of Social Servs., 489 U.S. 189, 200-03 (1989). Furthermore, it is settled that where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D. Ill. 1987). Although this Court could consider a medical malpractice action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, *see* Cianbro Corp. v. Jeffcoat & Martin, 804 F.Supp. 784, 788-91 (D. S.C. 1992), it is clear that all parties named in the Complaint are citizens of South Carolina. Since diversity jurisdiction requires complete diversity of the parties, its requirements are not satisfied in this state regardless of the amount in controversy.

To the extent that Plaintiff claims he has not received proper or adequate medical care for his high blood pressure, back problems, and complaints of chest pains during his incarceration, the Complaint allegations do not state a viable claim under 42 U.S.C. §

1983,[2] which would fall with this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. With respect to medical care while incarcerated, a prisoner § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[3] At the thresh hold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *See* Shakka v. Smith, 71 F.3d 162 (4th Cir. 1995); Strickler v. Waters, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component which the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *See* Johnson v. Quinones, 145 F. 3d 164 (4th Cir. 1998).

In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). *Cf.* Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] Plaintiff's claims in this case are governed by the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff is a pre-trial detainee confined at the Greenwood County Detention Center. *See* Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). In Belcher v. Oliver, the Court noted: "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, 898 F.2d at 34.

of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment *is* discretionary. *See* Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga. 1994)(collecting cases).

In this case, Plaintiff's own allegations disclose that officials at the Greenwood County Detention Center have not been medically indifferent to his high blood pressure or his other medical complaints. He states that he received medical attention from two nurses in the detention center and also from two doctors. Although Plaintiff would have preferred to have more testing done and, perhaps, to have different or more medications, the fact that he is dissatisfied with the treatment he is receiving does not show medical indifference. As a result, Plaintiff's Complaint fails to state a viable § 1983 claim arising from the medical care he has received during his detention.

As to any negligent medical treatment or injuries that Plaintiff has received or sustained in the Greenwood County Detention Center, Plaintiff can seek relief under the South Carolina Tort Claims Act, S.C. Code Ann., § 15-78-10 *et seq.*, because the Greenwood County Detention Center is operated by an agency, department, or "political subdivision" of the State of South Carolina. *See* S.C. Code Ann., § 15-78-30(a); Browning v. Hartvigsen, 307 S.C. 122, 414 S.E.2d 115, 116-118 & nn. 1-2 (1992). Under the facts alleged by Plaintiff which do not rise to the level of medical indifference, it appears that the South Carolina Tort Claims Act is available to provide Plaintiff a remedy for the allegedly negligent medical treatment he claims he has received while detained. *See* S.C. Code, §§ 15-78-20(b) and 15-78-70(a).

Finally, with respect to Plaintiff's allegations about detention center personnel

smoking tobacco inside the facility, the United States Supreme Court explained in Farmer v. Brennan, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pre-trial detainees)[4] *only* when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the prison official must have a 'sufficiently culpable state of mind,'" *i.e.*, "'deliberate indifference' to inmate health or safety." Id. at 834 (citations omitted). The Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." Id. at 839-40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997) (citing Farmer at 847); *see also* Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pretrial detainee). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile

---

[4] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Petitioner -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). For this reason, the standards discussed in Farmer v. Brennan are equally applicable in Petitioner's case.

environment." Id. at 482; *see* O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987) (courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional administration . . . for the determinations of those charged with the formidable task of running a prison.").

In this case, Plaintiff's allegations about smoking personnel does not show the required "deliberate indifference" primarily because he sets forth no facts showing that he personally faces "a substantial risk of serious harm" from the tobacco smoke. Although he does mention "second hand smoke" that allegedly comes "through the vents," Plaintiff does not claim that the smoke is causing him any type of injury. In fact, it appears that Plaintiff is more concerned about the fact that he and other detainees are not allowed to smoke, but that the detention center employees are. Clearly, in absence of allegation that the tobacco smoke is so excessive that Plaintiff is suffering ill effects from the smoking and that Defendants know about those effects but still continue to smoke and further injure Plaintiff, the Complaint, even very liberally construed, fails to state a viable § 1983 cause of action arising from indoor smoking at the Greenwood County Detention Center. *See* Helling v. McKinney, 509 U.S. 25, 35-36 (1993).

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary

dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                        Respectfully submitted,


                                        s/Joseph R. McCrorey
                                        United States Magistrate Judge

January 18, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
