IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert T. Gilchrist (a/k/a Robert Taylor Gilchrist, Jr.),<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sheriff Dan Wyman; Major Phillip Anderson; Capt. Sharon Middleton; Nurse Rudeon Hutson; and Nurse Nancy Cox,<br><br>　　　　　Defendants. | C.A. No.: 3:06-17-PMD-JRM<br><br>**ORDER** |

This matter is before the court upon the Magistrate Judge's recommendation that Plaintiff Robert T. Gilchrist's ("Gilchrist") Complaint be summarily dismissed for lack of subject matter jurisdiction. The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to the R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

**BACKGROUND**

According to Plaintiff's Complaint, he has been incarcerated at the Greenwood County Detention Center since May 16, 2005. On December 28, 2005, he filed this *pro se*[1] § 1983 Complaint against various detention center personnel, alleging "medical negligence and cruelty – officers smoking in jail building." (Compl. at 2.) Specifically, in his Complaint, Plaintiff claims that he has not received proper and/or adequate medical care for high blood pressure, back problems,

---

[1] The longstanding practice is to construe *pro se* complaints liberally. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

chest pains, and a bad tooth. (Compl. at 3-4.) According to Plaintiff, he has seen at least two different nurses and two different doctors. Plaintiff claims that he did not receive his medication for high blood pressure until approximately the last week of June, despite asking the nurse to call his doctor for his prescription. Plaintiff also alleges that the nurses regularly changed his dose of medication without him seeing a doctor, causing his blood pressure to rise and fall inappropriately. Plaintiff states that he filed a grievance because he kept running out of medication. Also, at some point, Plaintiff saw a doctor who allegedly ordered blood work and a urine test. However, Plaintiff claims that these tests never occurred. Plaintiff also states that he has back pain due to rods, bolts, and plates in his back, and Plaintiff states that he has a bad tooth which he tried unsuccessfully to get removed while at the detention center. Finally, Plaintiff complains that detention center employees can smoke tobacco in the mechanical room, but detainees are prohibited from smoking. Plaintiff mentions "second hand smoke" leaking through the vents, but he does not allege any injury to his health as a result of the smoke.

In the R&R, the Magistrate Judge recommends that this court dismiss Plaintiff's complaint without prejudice. Specifically, the Magistrate Judge asserts that this court lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff's medical negligence claims are state law causes of action insufficient to invoke federal question jurisdiction. *See* 28 U.S.C. § 1331.[2] The Magistrate Judge concludes that Plaintiff's allegations do not demonstrate the required "deliberate indifference" to state a cognizable § 1983 claim arising from the medical care he has received at the detention center. Although Plaintiff has not stated a viable § 1983 claim, the Magistrate Judge

---

[2] As an initial matter, it is clear that all parties are citizens of South Carolina, and therefore, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332.

2

points out that Plaintiff may be able to seek relief in state court pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, for the alleged medical negligence. Finally, in the R&R, the Magistrate Judge concludes that Plaintiff's complaint about detention center employees smoking in the facility also fails to state a viable § 1983 claim because Plaintiff has not alleged that he faces a substantial risk of serious harm or that he has suffered any injury as a result of the smoking.

## **STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Gilchrist's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted and incorporated by reference into this Order.

## **ANALYSIS**

### I.      **Plaintiff's Objections**

In his Objections, Plaintiff first points out that the Magistrate Judge incorrectly stated that Plaintiff did not receive his medication for almost a month after being incarcerated, when Plaintiff actually stated that he did not receive his medication for more than thirty days. Under the circumstances, this error is harmless and does not affect the outcome of this case.

Second, Plaintiff points out that the reason he saw two nurses and two doctors was because the first nurse and doctor quit and the second nurse and doctor took over their jobs, respectively.

Again, this circumstance does not affect the outcome of this case.

Next, Plaintiff spends the last two pages of his Objections merely reiterating his complaints regarding his medical care. Plaintiff states that he is not complaining about having more tests or different tests ordered. Rather, Plaintiff claims that the doctor ordered an EKG and a urine test, but that these tests never occurred. Plaintiff also reiterates his complaint that the nurses changed his medication inappropriately. With regard to Plaintiff's complaint about employees smoking in the facility, he states, "I thought that was the law." (Obj. at 3.)

## II.     Deliberate Indifference

To state a viable § 1983 claim for with regard to medical care while incarcerated, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, it is well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 105. However, this "does not mean . . . that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."[3]  *Id*.

To prove a claim of deliberate indifference, a plaintiff must show that a defendant's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively

---

[3] As the Magistrate Judge points out in the R&R, the Fourteenth Amendment, rather than the Eighth Amendment, governs Plaintiff's claims because Plaintiff is a pre-trial detainee. However, the governing standard is the same under either the Eight or Fourteenth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1992) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."); *Lancaster v. Monroe County, Alabama,* 116 F.3d 1419, 1425, n. 6 (11th Cir.1997)("The minimum standard for providing medical care to a pretrial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eight Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs.").

results in denial of the 'minimal civilized measure of life's necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831-34 & n. 2 (1994)) (emphasis added). Thus, an officer is deliberately indifferent to a substantial risk of harm when that officer "knows of and disregards" the risk. *Farmer,* 511 U.S. at 837. In order to be liable under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *see also Young v. City of Mount Rainer,* 238 F.3d 567, 575-76 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care."). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). Ultimately, "[d]eliberate indifference is a very high standard - a showing of mere negligence will not meet it." *See Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). Moreover, mere allegations of malpractice do not state a claim for deliberate indifference. *See*, *e.g.*, *Estelle*, 429 U.S. at 106 ("Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Here, as the Magistrate Judge correctly concluded, Plaintiff's Complaint, even liberally construed, simply fails to state a cognizable § 1983 cause of action because Plaintiff failed to allege any acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Not only did Plaintiff visit at least two doctors and two nurses on various occasions, but also, he did receive medication to lower his blood pressure, even though he may disagree with the nurses'

administration of such medicine. Likewise, Plaintiff's complaint that a doctor allegedly ordered two tests but failed to conduct them does not state a claim for deliberate indifference. *See*, *e.g.*, *Estelle*, 429 U.S. at 293 ("But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act."). As in *Estelle*, Plaintiff's allegations, at most, rise to the level of a claim for medical malpractice, whereby the proper forum is the state court pursuant to the South Carolina Tort Claims Act. *See id*; *see also* S.C. Code Ann. §§ 15-78-20(b), and 15-78-70(a).

Finally, with regard to Plaintiff's allegations about employees smoking in the facility, Plaintiff does not allege that he has suffered or suffers any injury as a result of this smoking. Nor does he allege that the employees are acting with "deliberate indifference" to his health or safety. Accordingly, as the Magistrate Judge properly concluded, Plaintiff's smoking allegations, like his allegations of medical negligence, fail to state a cognizable § 1983 claim. Because Plaintiff's allegations fail to state a federal claim, this court does not have subject matter jurisdiction, and therefore, the court must dismiss Plaintiff's Complaint.

**CONCLUSION**

It is, therefore, **ORDERED** for the foregoing reasons that Plaintiff's claim is **DISMISSED** without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 9, 2006**

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.